DOLL AND STUFFED TOY MANUFACTURERS ASSOCIATION, Respondent, *v.* IDEAL NOVELTY AND TOY COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, June Term — Filed July, 1922.

Corporations — may not usually become member of membership corporation — action to recover dues dismissed — Membership Corporations Law, § 41.

Where in an action to recover dues and assessments alleged to be due from a corporation as a member of a membership corporation it is made to appear that the defendant under section 41 of the Membership Corporations Law could not legally become a member of the plaintiff, the complaint will be dismissed.

APPEAL by defendant from judgment of the Municipal Court of the city of New York, borough of Manhattan, third district, in favor of plaintiff, after a trial before the court without a jury.

*George L. Cohen,* for appellant.

*Joseph, Demov & Feinstein* (*Abraham L. Feinstein,* of counsel), for respondent.

GUY, J. The plaintiff corporation sued to recover dues from defendant, alleged to be a member of plaintiff membership corporation, and also to recover assessments alleged to have been duly levied by plaintiff corporation upon defendant as such member.

The answer denies the material allegations of the complaint, including the allegation of defendant's membership, and as separate defenses alleges that on April 1, 1921, defendant resigned from membership in said plaintiff corporation and withdrew therefrom

by presenting its resignation in writing and tendering dues for the month of March, 1921; and, as to the second cause of action, alleges that the levying of said assessments was illegal and plaintiff had no power to levy an assessment against members.

It is unnecessary to consider the separate defenses, as the legality of defendant's membership in the plaintiff corporation is distinctly placed in issue by the denials contained in the answer.

During the trial and at the close of the case defendant moved to dismiss the complaint on the ground that the corporation could not legally become a member of the membership corporation.

Section 10 of the General Corporation Law provides: " No corporation shall possess or exercise any corporate powers not given by law, or not necessary to the exercise of the powers so given." Section 4 of the General Corporation Law provides: " A certificate of incorporation must be executed by natural persons." The only provision in the Membership Corporations Law for the admission of corporations as members is contained in section 41 of said statute, which applies to corporations engaged in the gathering of information and intelligence for the use of its members in connection with the publication thereof; and plaintiff does not come within the provisions of said section.

It is quite evident, therefore, that the statute contemplated only membership on the part of such persons, natural persons, as under the provisions of section 4 were qualified to sign the articles of incorporation, except as modified by the provisions of section 41, as heretofore stated. As defendant did not and could not under the statute be legally admitted to membership in the plaintiff corporation, plaintiff failed entirely to make out a cause of action, and the motion to dismiss should have been granted.

Judgment reversed, with thirty dollars costs, and complaint dismissed upon the merits, with costs, with leave to defendant to appeal to the Appellate Division, first department.

BIJUR and McCOOK, JJ., concur.

Judgment reversed.